UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AYODEJI KAYODE ANIMASHAUN,

                      Plaintiff,                 Case # 16-CV-172-FPG

v.                                             DECISION AND ORDER

TODD TRYON, et al.,

                      Respondents.
_____

## INTRODUCTION

*Pro se* Plaintiff Ayodeji Kayode Animashaun was a civil immigration detainee at the Buffalo Federal Detention Facility when he filed this case pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). ECF No. 1. The Court granted Plaintiff permission to proceed *in forma pauperis* and screened his claims under the criteria set forth in 28 U.S.C. § 1915(e)(2). ECF No. 11.

In doing so, the Court dismissed two of Plaintiff's claims but permitted three of his claims to proceed. *Id*. at 2. Specifically, the Court directed service of a claim against Defendant Tryon, which alleged that Plaintiff was placed in administrative segregation indefinitely in retaliation for filing grievances. *Id*. The Court also directed service of an excessive force claim against Defendant Kowalski and a conditions of confinement claim against Defendant Lt. O'Neill. *Id*. at 3-4. Defendant Tryon now moves to dismiss Plaintiff's claim against him in this case as duplicative of an action Plaintiff later filed, *Animashaun v. Tryon*, Case # 16-CV-506-FPG. ECF No. 17.

## DISCUSSION

Defendant Tryon argues that Plaintiff's claim against him in this case relates to Plaintiff's placement in segregation starting on January 16, 2016, which Plaintiff alleges was discriminatory and retaliatory. ECF No. 18 at 2. Tryon argues that the allegations in the second action encompass those in this action, *i.e.*, that Plaintiff was held in administrative segregation from approximately October 1, 2014 through May 9, 2016. ECF No. 18 at 2. In the second action, Plaintiff alleges that he was kept in administrative segregation starting at or near his arrival at the facility on October 1, 2014, and that this confinement continued until his transfer to another facility on May 9, 2016. *See* Case # 16-CV-506-FPG, ECF No. 1 at 4, 6. Thus, the claim asserted against Defendant Tryon in this case repeats and is a subset of the broader claim in the second action, and Tryon requests that it be dismissed as duplicative.

The Court has the authority to dismiss an action or a claim as duplicative of another action. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). The Second Circuit has noted that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *DiGennaro v. Whitehair*, 467 F. App'x 42, 43 (2d Cir. 2012) (summary order) (citing *Curtis*, 226 F.3d at 139).

"A subsequent action is duplicative of an earlier action where adjudication of the claims in the second action would necessarily involve findings on the exact same facts required to resolve the claims in the first action." *Metzgar v. U.A. Plumbers & Steamfitters Local No. 22 Pension Fund*, No. 13-CV-85V(F), 2017 WL 3722456, at *3 (W.D.N.Y. Aug. 29, 2017) (internal quotation marks and edits omitted). Clearly, whether Plaintiff's administrative segregation by Defendant Tryon starting on January 16, 2016 violated his constitutional rights and represents an actionable

*Bivens* claim necessarily involves findings on the same facts required to resolve the claims regarding his administrative segregation from October 1, 2014 to May 9, 2016.

Ordinarily, a court will dismiss the second action as duplicative of the first action. *See DiGennaro*, 467 F. App'x at 43. Plaintiff filed this case on February 26, 2016, and the second case on June 26, 2016. Tryon filed an answer in the second case on May 14, 2018 and United States Magistrate Judge Michael J. Roemer scheduled a preliminary conference for July 19, 2018. *See* Case # 16-CV-506-FPG, ECF Nos. 27, 28. Plaintiff did not appear for the conference or otherwise communicate with the Court. *Id.* at ECF No. 30. Judge Roemer scheduled another conference for August 21, 2018 and Plaintiff again failed to appear or contact the Court. *Id.* at ECF No. 32. Thus, although the second action was filed after this action, it has progressed further. Denying Tryon's motion to dismiss the claim against him in this case as duplicative of the second action would restore Plaintiff's claim to an earlier procedural state and negate the time and effort expended on these claims in the second action.

Additionally, the claims in the second action are broader than the claim set forth in this case. Thus, dismissing claims in the second action as duplicative of the claim against Defendant Tryon in this case may deprive Plaintiff the opportunity to present relevant facts and could narrow his allegations. Accordingly, for the reasons stated, Defendant Tryon's Motion to Dismiss Plaintiff's claim against him in this case as duplicative of the second case is GRANTED.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 17) is GRANTED, Plaintiff's claim against Defendant Tryon is dismissed, and the Clerk of Court will terminate Defendant Tryon as a party to this action. By separate order, the Court will refer this case to a United States Magistrate Judge for all pretrial proceedings.

The Court notes that a Report and Recommendation is pending in Plaintiff's second case wherein Magistrate Judge Roemer recommends that the Court dismiss that case for Plaintiff's failure to prosecute. Plaintiff has also been inactive in this case—the Court has not heard from Plaintiff since February 21, 2017 (ECF No. 9), and Plaintiff did not respond to Defendants' Motion to Dismiss even though the Court sent him a scheduling order that warned him that his case might be dismissed if he did not respond. The Court warns Plaintiff that his failure to litigate this action may result in its dismissal. *See* Loc. R. Civ. P. 41(b); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: March 6, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court