UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AYODEJI KAYODE ANIMASHAUN,                16-CV-172-FPG-MJR

              Plaintiff,
                                          REPORT AND
    v.                                    RECOMMENDATION

OFFICER KOWALSKI and
LIEUTENANT ONEIL,

              Defendants.
_____

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636 of Title 28 of the United States Code, by the Honorable Frank P. Geraci, Jr., for all pretrial matters excluding dispositive motions. (Dkt. No. 21). For the following reasons, it is recommended that the District Court dismiss plaintiff's complaint for failure to prosecute.

## RELEVANT FACTS AND BACKGROUND

Plaintiff Ayodeji Kayode Animashaun ("plaintiff"), who is proceeding *pro se*, commenced this action on February 26, 2016 asserting violations of his constitutional rights by Todd Tryon, Officer Kowalski, Lieutenant O'Neil, and Officer Lauck, while plaintiff was in custody in a federal detention facility in Batavia, New York. (Dkt. No. 1). On February 21, 2017, plaintiff filed notice of an address change to 8475 Imperial Drive, Laurel, Maryland, 20708. (Dkt. No. 9).[1] On September 15, 2017, the District Court granted plaintiff's motion to proceed *in forma pauperis*, dismissed Officer Lauck from the case and directed the United States Marshall to serve copies of the summons and

---

[1] All Court orders and correspondence issued since February 21, 2017 have been sent to plaintiff at the address he provided in Laurel, Maryland. None have been returned as undeliverable.

complaint upon defendants Tryon, Kowalski, and O'Neil. (Dkt. No. 11). O'Neil was served on September 29, 2017 and Kowalski was served on October 1, 2017. (Dkt. No. 12). On February 9, 2018, the District Court granted plaintiff an extension of time, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, to serve Tryon and directed the United States Attorney's Office to provide a current address where Tryon could be served. (Dkt. No. 13). Also on February 9, 2018, the District Court noted that Kowalski's and O'Neil's deadlines to file answers to the complaint had expired with no response or other communication from defendants. (*Id.*). Kowalski and O'Neil were directed to show cause, in writing by March 9, 2018, why entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure should not be entered against them. (*Id.*). Tryon was served on April 11, 2018. (Dkt. No. 16).

Tryon filed a motion to dismiss plaintiff's complaint on May 14, 2018. (Dkt. No. 17). The District Court issued an Order requiring a response by plaintiff on or before June 15, 2018. (Dkt. No. 19). The Order warned plaintiff that failure to respond could result in dismissal of his lawsuit. (*Id.*). Plaintiff never filed a response. On March 6, 2019, the District Court issued a Decision and Order granting Tryon's motion to dismiss the complaint against him on the grounds that plaintiff's claims were duplicative of an action later filed by plaintiff in this court, *Animashaun v. Tryon, et al*, Case No. 16-CV-506. (Dkt. No. 20). The District Court noted, however, that plaintiff had been inactive in *Animashaun v. Tryon*. Indeed, a Report and Recommendation had been issued by the undersigned recommending dismissal of the case for plaintiff's failure to prosecute. (*Id.*). The District Court further noted that, in the instant case, plaintiff never responded to the motion to dismiss despite being warned that failure to respond may result in dismissal of his lawsuit

and that the Court had not heard from plaintiff since February 21, 2017. (*Id.*). For these reasons, the District Court again warned plaintiff that further failure to litigate this action may result in its dismissal. (*Id.*).

This case was then referred to the undersigned on March 7, 2019. (Dkt. No. 21). On April 2, 2019, the District Court adopted this Court's recommendation to dismiss plaintiff's parallel lawsuit against Tryon for failure to prosecute. (Dkt. No. 22*; Animashaun v. Tryon, et al*, Case No. 16-CV-506, Dkt. No. 34). On April 12, 2019, this Court issued an Order explaining that the only defendants remaining in the instant case are Kowalski and O'Neil, neither of whom had filed an appearance, answered, moved against the complaint, or otherwise responded to the District Court's February 9, 2018 Order to Show Cause. (Dkt. No. 22). The Order further outlined plaintiff's inaction in the instant case and the parallel case, as detailed above. (*Id.*). Indeed, plaintiff has not actively participated in this case for two years despite warnings that continued failure to litigate may result in dismissal of his claims. (*Id.*). Thus, the Court ordered that before it would take further action against the remaining defendants in this case, plaintiff was to contact the Court, on or before May 10, 2019, and state whether he intended to pursue this lawsuit. (*Id.*). The Court also warned plaintiff that failure to contact the Court by May 10, 2019 would likely result in a recommendation to the District Court that this case be dismissed for failure to prosecute. (*Id.*). Plaintiff never responded to the April 12, 2019 Order, nor has he had any contact with the Court since submitting a notice of address change in February of 2017.

3

**DISCUSSION**

Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." See Fed. R. Civ. P. 41. Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Further, where defendants have not specifically moved for dismissal under Rule 41(b), such as in this case, a court may nonetheless order dismissal *sua sponte*. *Id*. at 42. In *Link v. Wabash Railroad Co.*, the Supreme Court noted:

> Neither the permissive language of the Rule [41(b)] -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear the calendars of cases that have remained dormant because of inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

370 U.S. 626, 630-31 (1962). *See also Harding v. Goord*, 135 Fed. Appx. 488 (2d Cir. 2005) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*."); *West v. City of New York*, 130 F.R.D. 522, 526 (SDNY 1990) ("A plaintiff's lack of diligence alone is enough for dismissal.").

The Second Circuit has outlined several factors courts must consider before dismissing a lawsuit for failure to prosecute. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the

4

proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less dramatic than dismissal." *Id.* at 535. Further, a *pro se* litigant's complaint may only be dismissed for failure to prosecute "when the circumstances are sufficiently extreme." *Id.* As explained in detail below, the Court has considered each of these factors and finds that dismissal of plaintiff's lawsuit is warranted.

The last time plaintiff actively participated in this case was over two years ago, in February of 2017, when he provided the Court with his updated address in Laurel, Maryland. Moreover, plaintiff has subsequently ignored all deadlines and directives issued by the Court. He failed to respond to defendant Tryon's motion to dismiss as directed by the District Court. He never responded to this Court's April 12, 2019 Order directing him to state whether he intends to pursue this lawsuit. Indeed, the length of delay in this case combined with plaintiff's inaction and noncompliance weighs in favor of dismissal. *See Shannon v. GE*, 186 F.3d 186, 194 (2d Cir. 1999) (finding that the district court acted within its discretion to dismiss the case for failure to prosecute where, *inter alia*, plaintiff failed to prosecute his lawsuit for almost two years); *Mutema v. Fid. Ins. Co.*, 14-CV-3391, 2016 U.S. Dist. LEXIS 135901 (EDNY Sept. 30. 2016) (duration of failure to prosecute weighed in favor of dismissal where plaintiff failed to prosecute the case for over a year); *Bhandari v. Bittner*, 03-CV-12, 2008 U.S. Dist. LEXIS 8113 (WDNY Feb. 1, 2018) (dismissing case with prejudice and noting that plaintiff's inaction caused an unnecessary delay of more than two years, which was a failure of significant duration and warranted dismissal).

As to the second factor, plaintiff has been informed that failure to respond to Court orders may result in dismissal of his case. Plaintiff was told by the District Court that failure to respond to defendant Tryon's motion to dismiss could result in dismissal of his claims. However, he did not respond. On March 6, 2019, the District Court again warned plaintiff that failure to litigate the case may result in its dismissal. Finally, on April 12, 2019, this Court instructed plaintiff to advise as to whether he intended to pursue the lawsuit, and that failure to respond would likely result in dismissal of the case. Indeed, plaintiff has received ample warning that continued failure to litigate his claims could result in their dismissal. Thus, the second factor weighs in favor of dismissal of the action. *See Lyell Theatre*, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible); *Ruza v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177-78 (2d Cir. 2008) (dismissal of action for failure to prosecute affirmed where plaintiff was notified that "further delay will result in dismissal.").

The third factor requires the Court to consider whether defendants have been prejudiced by plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, plaintiff has created unreasonable delay by failing to litigate his case for over two years. Therefore, prejudice may be presumed.

The fourth factor requires the Court to balance calendar congestion and plaintiff's right to present his case. The Second Circuit cautions that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). However, plaintiff here has not been denied his due process rights.

6

Both the delay and dismissal are of his own making.  Plaintiff was afforded an opportunity to respond to defendant Tryon's motion to dismiss and to respond in writing to a Court order inquiring as to whether he intended to pursue the case.  However, plaintiff has not contacted the Court since filing a notice of updated address over two years ago.  Indeed, plaintiff's own failure to litigate this matter cannot be construed as the denial of the right to present his case.  See Dodson v. Runyon, 957 F.Supp. 465, 470 (SDNY 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making").  Accordingly, this factor also weighs in favor of dismissal.

Lastly, the Court has considered lesser sanctions and finds that they would not be effective here.  First, because plaintiff is proceeding *pro se*, monetary sanctions would not be appropriate.  Further, plaintiff has ignored all previous orders and deadlines.  His lack of engagement in this case, combined with his abandonment of his parallel lawsuit (*Animashaun v. Tryon, et al*, Case No. 16-CV-506), indicate that plaintiff is not interested in moving his claims forward.  Indeed, plaintiff has been given ample opportunity to pursue his claims but has elected not to do so.  See *Ruza,* 520 F.3d 176, 177 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"); *Smith v. Human Resources Admin.*, 91 Civ. 2295, 2000 U.S. Dist. LEXIS 5373 (SDNY March 27, 2000) (finding sanctions short of dismissal inappropriate where "court orders and direction have not prompted plaintiff to move her case forward"); *Alevizopoulos & Assoc. v. Comcast Int'l Holdings, Inc.*, 99 Civ. 9311; 2000 U.S. Dist. LEXIS 16154 (SDNY Nov. 8, 2000) (finding lesser sanction to be inappropriate were plaintiff repeatedly failed to abide by the court's

orders and noting that "[a] court need not beg a party to comply with its orders" and that plaintiff's "failure to respond to [the motion] demonstrates that he has lost interest in this case.").

Having considered each of the relevant factors, the Court finds that dismissal is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, the Court recommends that the District Court dismiss plaintiff's complaint for failure to prosecute.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Geraci.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See  Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).*

8

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:   June 14, 2019
         Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge